### John Elwood Black *v.* Benjamin Seal.

The discrimination in the statute between a citizen residing in the State and a non-resident in regard to issuing a writ of *capias ad respondendum* against them is unconstitutional and void under the constitution of the United States, and it can be issued against neither without an affidavit of fraud previously filed in the suit.

This case came before the court on the petition of John Elwood Black against Benjamin Seal and James Martin, sheriff of the county, for a writ of *habeas corpus* which was in substance as follows : That in the month of January, 1883, Seal, the respondent, then and still a citizen residing in this State, brought suit in this court against the petitioner, then and still a citizen residing in the State of Pennsylvania, No. 17 to the May Term, 1883, in which a writ of *capias ad respondendum* issued against him, but was returned *non est inventus ;* that on the 2d day of August following, the respondent, Seal, caused to be issued out of the court

an *alias capias ad respondendum* against him, and demanded bail in the sum of seven hundred dollars, the said suit being No. 59 to the September Term, 1883, upon which he was arrested by the sheriff of the county, James Martin, and confined as a prisoner in the county jail in the City of New Castle in this county, on the 30th day of August last, and where he has been ever since, and is still detained and confined. That at the time he was arrested he was temporarily in this State on a business errand; and that he was then, and ever since has been, and still is without pecuniary means, and is unable to give bail as demanded, and has ever since his arrest and imprisonment remained in the custody of the said sheriff, and restrained of his liberty. That the cause of action in the suit consists of certain bank checks drawn by him to the order of the respondent, and a book account of goods sold and delivered by him to the petitioner, the suit being an action of assumpsit. That the petitioner had not in any manner practiced any fraud towards the respondent, or in any manner fraudulently disposed of or concealed any property; and he is informed and believes that no affidavit of fraud of any description, nor other affidavit has been filed against him in said suit, or in connection with it. That the petitioner is not detained or restrained of his liberty by the said sheriff as aforesaid, by virtue of a commitment for any criminal or supposed criminal matter, or for any other cause than the matter before set forth. That he is advised and believes that he is in custody and restraint of his liberty by the said sheriff in violation of the constitution of the United States, to wit, § 2 of Article 4 thereof, in so far as it provides that the citizens of each State shall be entitled to all privileges and immunities of citizens of the several States, and § 1 of the Fourteenth Amendment to said constitution, in so far as it provides that no State shall deny to any person within its jurisdiction the equal protection of the laws.

Wherefore he prays for a writ of *habeas corpus* directed to the said sheriff, etc.

*Bradford* for the plaintiff. Although the petitioner at the time of his arrest on the writ of *capias ad respondendum* issued

Black *v.* Seal.

against him in the action, was a citizen of Pennsylvania and residing in the city of Chester in that State, and out of this State, it was unlawfully issued against him under our statute without an affidavit of fraud previously filed in the suit by the plaintiff in it, just as much so, as if he had been at that time a citizen of this State residing in it, because the discrimination which the statute makes between citizens of this and the citizens of the other States, in respect to the issuing of a writ of *capias ad respondendum,* is invalid and void both under section 2 of article 4 of the Constitution of the United States, and of section 1 of the Fourteenth Amendment to it; and has been so held by the Supreme Court of the United States.

*Lore* for the defendant.   The Fourteenth Amendment was framed and adopted to meet the case of colored people who had not before enjoyed the rights of citizenship.   But ever since the adoption of the Constitution of the United States, the courts of this State could make any citizen living in it subject to their jurisdiction in any action at the suit of another, by serving a subpœna upon him, or having it left at his usual place of abode in his absence, and having it returned served, which gave a nonresident indebted here, if he chose to avoid the service of it by keeping out of the State, a decided advantage over one residing within its limits ; and the discrimination of the statute in question has been in the long run but a fair equivalent for it in favor of the latter class of suitors in the administration of justice in the State.

*The Court* held in accordance with the rulings referred to that the discrimination of the statute in such a case was unconstitutional and void under the Constitution of the United States, and discharged the petitioner from the custody of the sheriff.